**MICHAEL PANCER**, ESQ.
California State Bar No. 43602
105 West F Street, 4th Floor
San Diego, California 92101
Phone:      (619) 236-1826
Fax:        (619) 233-3221
Email:      mpancer@ hotmail.com

Attorney for Defendant Vincent Ramos

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE WILLIAM Q. HAYES)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18 CR 1404-WQH-1 |
| Plaintiff, | |
| v. | MOTION FOR DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS |
| Vincent Ramos, | Date: May 7, 2018 |
| Defendant. | Time: 2:00 pm |

Now comes Michael Pancer on behalf of Vincent Ramos. Michael Pancer entered a special appearance on behalf of Mr. Ramos on March 23, 2018. Mr. Ramos intends to retain the Law Offices of Michael Pancer, but his family is in Canada, and it is taking time to make those arrangements. But we do expect to have the issue of representation resolved within 10 days from the date of the filing of this motion.

**I.**

**Introduction and Statement of Facts**

Vincent Ramos, along with five other defendants, is charged in an Indictment with Racketeering Conspiracy to Conduct Enterprise Affairs (RICO Conspiracy) 18 USC § 162(d); Conspiracy to Aid and Abet the Distribution of Cocaine 21 USC § 841(a)(1) and 846; and Criminal Forfeiture 18 USC § 981(a)(1)( C ) and 1963 and 28 USC § 2461( c ).

1

## II.

## Motion to Compel Discovery/Preserve Evidence

This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989), and discovery of which the government attorney may become aware through the exercise of due diligence:

(1) <u>The Defendant's Statements</u>. Mr. Ramos requests disclosure of <u>all</u> copies of any written or recorded statement made by him or his co-defendants; any written record containing the substance of any oral statements made by him or his co-defendants and any written summaries of his or his co-defendants' oral statements contained in the handwritten or rough notes of the government agent; any response to any <u>Miranda</u> warnings which may have been given to him or any co-defendant; any response by any of the defendants to interrogation; as well as any other statements by the defendants. Fed. R. Crim. P. 16(a)(1)(A).

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. Mr. Ramos also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents which contain statement of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must product arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and ( C ); Fed. R. Crim. P. 26.2 and 12(1).

(3) <u>Criminal Record</u>. Evidence of criminal record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of other "similar" acts is discoverable under Fed. R. Crim. P. 16(a)(1)(B) and Fed. R. Evid. 404(b) and 609; Mr. Ramos requests all his rap sheets and any other evidence discoverable under these rules. Mr. Ramos requests all evidence,

2

documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any arrests and convictions or bad acts he has suffered or known of by the government. He makes an identical request for all pertinent records of all co-defendants, former co-defendants and government witnesses including informants.

(4) Evidence Seized. Mr. Ramos requests production of evidence seized as a result of any search, either with or without a warrant. Fed R. Crim. P. 16(a)(1)( C ).

(5) Tangible Objects. Mr. Ramos requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, weapons, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)( C ).

(6) Request for Preservation of Evidence. Mr. Ramos specifically requests the preservation of all dispatch recordings, inter-officer radio communication recordings, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to seized weapons, alleged contraband and vehicles, the results of any fingerprint analysis, Mr. Ramos personal effects, and any evidence seized from the defendant or any other party.

(7) Reports of Examinations and Tests. Mr. Ramos requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case-in-chief. Fed. R. Crim. P. 16(a)(1)(D).

(8) Expert Witnesses. Mr. Ramos requests the name, qualifications, and a written summary of the opinion/testimony and bases thereon of any person that the government intends to call as an expert witness. Fed. R. Crim. P. 16(a)(1)(E).

(9) Brady Material. Mr. Ramos requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the

credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(10) Giglio Information. Mr. Ramos requests all statements and/or promises, express or implied, made to any government witnesses in exchange for his testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. Giglio v. United States, 405 U.S. 150 (1972).

(11) Informants and Cooperating Witnesses. Mr. Ramos requests disclosure of the name(s), address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. Id. Mr. Ramos also requests that the government disgorge any information in its possession regarding other parties culpable in this matter as these individuals are highly relevant and material to Mr. Ramos defense.

(12) Jencks Act Material. Mr. Ramos requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of Mr. Ramos to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(13) <u>Any Potential 404(b)/609 Evidence</u>. Mr. Ramos requests prior notice of any other crimes or bad acts that the government intends to introduce, whether in its case in chief, for impeachment or rebuttal. Fed. R. Crim. P. 16(a)(1)( C ); Fed. R. Evid. 404(b) and 609(b). Mr. Ramos requests such notice well before trial in order to give the defense time to investigate and prepare for trial.

(14) <u>Any Information That May Result in a Lower Sentence Under the Guidelines</u>. As discussed *supra*, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83(1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Mr. Ramos criminal history, or any other application of the Guidelines. Additionally, Mr. Ramos specifically requests any evidence the government intends to use at sentencing to establish his status as a career offender or for any other enhancement to his sentence.

(15) <u>Evidence of Bias or Motive to Lie.</u> Mr. Ramos requests any evidence that any prospective government witness, including a cooperating defendant, is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).

(16) <u>Impeachment Evidence.</u> Mr. Ramos requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>, supra. See <u>United States v. Strifler</u>, 851 F.2d 1197(9th Cir. 1988)(witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility).

(17) <u>Evidence of Criminal Investigation of Any Government Witness.</u> Mr. Ramos requests any evidence that any prospective witness is under investigation by federal, state

or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985).

(18) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. Mr. Ramos requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

(19) Witness' Addresses. Mr. Ramos requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective assistance); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Ramos also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984).

(20) Name of Witnesses Favorable to the Defendant. Mr. Ramos requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968).

(21) Statements Relevant to the Defense. Mr. Ramos requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).

(22) Personnel Records of Government Officers Involved in the Arrest. Mr. Ramos requests all citizen complaints and other related internal affairs documents involving any of the law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974).

Because of the sensitive nature of such <u>Henthorn</u> documents, defense counsel will not be able to procure them from any other sources.

(23) <u>Prosecutor's Duty to Inspect Agent's Files</u>.  Mr. Ramos requests that the court order the prosecutor to <u>personally</u> review the personnel files of the agents involved.

(24) <u>Release of Evidence for Defense Testing</u>.  Mr. Ramos requests that the government release to his designated expert all items seized so that the defense may conduct independent testing of the items.

(25)  <u>Subpoena, Intercept and Warrant Information and Evidence</u>.  Mr. Ramos requests a copy of all electronic interception orders, search warrants, sealing orders and subpoenas (whether state or federal, whether written or telephonic, and including recordings or transcripts of telephonic applications), and all related applications for electronic interception, subpoenas and warrants, their affidavits, attachments, and inventories related to this case.  He also requests copies of all documents provided to or seized by the government pursuant to such court-authorized orders.  He requests copies of all recordings made by the government made pursuant to warrant or order as well as line-sheets and any other documentation of such recordings.

(26) <u>Residual Discovery/All Other Relevant Materials</u>. Mr. Ramos intends for this motion to cover the full extent of discoverable material under Rule 16, the Federal Rules of Evidence, any other   applicable statute and the United States Constitution.  He therefore requests that the government be required to disgorge all other discoverable material which he otherwise has failed to specifically request.  He also requests that the government be directed to provide discovery on a continuing basis, such that if newly discovered evidence, or evidence not previously ordered to be disgorged, becomes reasonably known to the government, such evidence be ordered disgorged prospectively.

## III.

## Mr. Ramos Seeks Leave to File Further Motions

Mr. Ramos requests an opportunity to file further substantive motions once he receives the discovery expected to be provided by the government shortly.

# IV.
# <u>Conclusion</u>

For the reasons stated above, the defendant, Mr. Ramos, respectfully requests that this Court grant the above-requested motions.

Dated: March 29, 2018                              Respectfully submitted,

                                                   S/Michael Pancer

                                                   _____
                                                   MICHAEL PANCER
                                                   Attorney for Defendant Vincent Ramos