ADAM L. BRAVERMAN
United States Attorney
ANDREW P. YOUNG
Illinois Bar No.: 6284303
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7981
Andrew.p.young2@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 18 CR 1404-WQH-1 |
|---|---|
| v. | UNITED STATES' RESPONSE IN DEFENDANT'S MOTION FOR DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS |
| Vincent Ramos | |
| Defendants. | |

COMES NOW UNITED STATES OF AMERICA, by and through its counsel, Adam L. Braverman, United States Attorney, and Andrew Young, Assistant United States Attorney, and hereby files its Response to Defendant's Motion for Discovery and for Leave to File Further Motions.

**I.      Status of Discovery**

As of the date of this Response, the United States has produced 70.9 gigabytes of data containing 6,820 files.  This discovery includes the defendant's statements, FBI investigative reports, surveillance and undercover videos, communications between the defendant, conspirators and others, subpoena responses, and – where appropriate – witness statements.

Upon reasonable request, defendant may inspect, copy, and test other such objects that are material to his defense or intended for use in the case in chief of the United States. The United States has and will continue to comply with its obligations under *Brady*, *Giglio*, *Henthorn*, and the Jencks Act (18 U.S.C. § 3500), and Federal Rule of Criminal Procedure 16, including specifically its obligations to produce statements of the defendant pursuant to Rule 16(a)(1)(A), (B).   Furthermore, as required by the Federal Rules of Evidence, the United States commits to providing reasonable notice of any Rule 404(b) evidence, Rule 609 evidence, and any expert testimony.   Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the United States will also timely provide reports of any test or examination conducted upon the evidence in this case.

## II.   Specific Requests

The defendant also enumerates twenty-six specific requests.  The government responds:

### Defendants' Request (1):  Defendants Statements

The Government has complied, and will continue to comply, with FED. R. CRIM. P. 16(a)(1)(A) and 16(a)(1)(B) by providing all of defendant's statements that are known to the United States. Defendant's known statements have been produced, but the United States will continue to verify with each agent involved in the investigation and arrest of Defendant that no additional statements were made.

### Defendants' Request (2):  Arrest Reports, Notes, Dispatch Tapes

The United States has ascertained that there are no additional reports at this time. The United States recognizes its obligations under Rule 16(a)(1)(A) to disclose the "substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial." FED. R. CRIM. P. 16(a)(1)(A). If additional reports by law enforcement agents come to light, the United States will supplement its discovery and provide those reports to defendant.

*18-cr-1404-WQH*

The United States objects, however, to providing defendant with a copy of any handwritten notes of government agents summarizing oral statements made by defendant. FED. R. CRIM. P. 16(a)(1)(A) does not require disclosure of such rough notes where the content of those notes has been accurately reflected in a type-written report. *See United States v. Brown*, 303 F.3d 582, 590 (5th Cir.2002); *United States v. Coe*, 220 F.3d 573, 583 (7th Cir.2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report).

The Government also objects to the production of any rough notes because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness's assertions and they have been approved or adopted by the witness. *See United States v. Alvarez*, 86 F.3d 901, 906 (9th Cir. 1996); *United States v. Bobadilla-Lopez*, 954 F.2d 519 (9th Cir. 1992). Moreover, the production of agents' notes is not required under Rule 16 because the United States has already provided "defendant with copies of the formal interview reports prepared therefrom." *United States v. Griffin*, 659 F.2d 932, 941 (9th Cir. 1981).  Finally, the United States considers the rough notes of its agents to be work product, which FED. R. CRIM. P. 16(a)(2) specifically exempts from disclosure. If new reports are generated as a result of this ongoing investigation, the United States will promptly produce them to Defendant.  The United States does not believe there to be dispatch tapes, but, should they exist, the United States will produce them.

Defendants' Request (3):  Criminal Record

The government has complied with this request to the extent it possesses this information.

Defendants' Request (4):  Evidence Seized

3

Agents seized several electronic devices with the defendant was arrested. Should there be any evidence obtained from these devices, the United States will provide such discovery to Defendant. The United States will accommodate a viewing of these items at a mutually convenient time with Defendant.

Defendants' Request (5):  Tangible Objects

To the extent this request is not duplicative of prior enumerated requests, the United States will facilitate the inspection of documents and tangible objects it intends to use in its case-in-chief or that belong to Defendant.

Defendants' Request (6):  Requests for Preservation of Evidence

Defendant seeks to preserve certain evidentiary items. A specific court order requiring preservation is unnecessary because the United States will take steps to preserve all evidence in its possession.

Defendants' Request (7):  Reports of Examinations and Tests

The United States will produce any reports or examinations, and make them available to the Defendant, that it intends to use in its case-in-chief at trial or such information as may be material to the preparation of the defense.

Defendants' Request (8):  Expert Witnesses

The United States will provide separate disclosure of any potential expert witnesses in accordance with Fed. R. Crim. P. 16(a)(1)(G).  The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

Defendants' Request (9):  *Brady* Material

As to exculpatory information, the United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and will comply.

Defendants' Request (10):  *Giglio* Information

4

As to exculpatory information, the United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and will comply.

<u>Defendants' Request (11):  Informants and Cooperating Witnesses</u>

The United States is aware of its obligations with regard to the production of information related to informants and cooperating witnesses  and will comply with its obligations at the appropriate time.

<u>Defendants' Request (12):  Jencks Act Materials</u>

The United States will comply with the Jencks Act.

<u>Defendants' Request (13):  404(b) and 609 Evidence</u>

If the United States intends to offer any evidence under Rule 404(b) or 609 of the Federal Rules of Evidence, it will provide notice promptly to Defendant.

<u>Defendants' Request (14):  Any Information That May Result in a Lower Sentence</u>

The United States is aware of its obligations with regard to the production of information that may result in a lower sentence and will comply with its obligations at the appropriate time when and if this information is obtained.  No such evidence presently exists.

<u>Defendants' Request (15):  Evidence of Bias or Motive to Lie</u>

The United States will produce any such evidence when it becomes aware as the investigation develops.

<u>Defendants' Request (16):  Impeachment Evidence</u>

The United States will produce any such evidence when it becomes aware as the investigation develops. No such evidence presently exists.

<u>Defendants' Request (17):  Evidence of Criminal Investigation of Any Government Witnesses</u>

The United States will produce any such evidence when it becomes aware as the investigation develops. No such evidence presently exists.

5

*18-cr-1404-WQH*

1     Defendants' Request (18):  Evidence Affecting Perception, Recollection, Ability to

2 Communicate or Truth Telling

3     The United States will produce any such evidence when it becomes aware as the

4 investigation develops. No such evidence presently exists.

5     Defendants' Request (19):  Witness Addresses

6     This request is premature because the United States has not selected its witnesses for

7 trial.

8     Defendants' Request (20):  Name of Witnesses Favorable to the Defendant

9     The United States will identify any witnesses favorable to Defendant or relevant to

10 the defense.  No such evidence presently exists.

11     Defendants' Request (21):  Statements Relevant to the Defense

12     The United States is aware of its obligations with regard to the production of this

13 type of information and will comply with its obligations at the appropriate time when and

14 if this information is obtained.

15     Defendants' Request (22):  Personnel Records of Government Officers Involved in

16 the Arrest

17     An inquiry pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) will

18 be conducted.  The government reserves the right move to disclose any pertinent

19 information under protective order or after the court's *in camera* review.

20     Defendants' Request (23):  Prosecutor's Duty to Inspect Agent's Files

21     The United States is aware of its obligations with regard to the production of this

22 type of information and will comply with its obligations at the appropriate time when and

23 if this information is obtained.

24

25

26     Defendants' Request (24):  Release of Evidence for Defense Testing

27

28

6

*18-cr-1404-WQH*

The United States is unaware of any type of evidence subject to testing.  When and if such evidence is obtained, the government will make that evidence available to the defendant.

Defendants' Request (25):  Subpoena, Intercept and Warrant Information and Evidence

To the extent this evidence exists, the United States has produced it.  It will continue to honor its discovery obligations with regard to this request.

Defendants' Request (26):  Residual Discovery/All Other Relevant Materials

To the extent Defendant requests additional specific documents or types of documents, the United States will continue to disclose any and all discovery required by the relevant discovery rules.

**III.   Motion for Leave to File Further Motions.**

The United States does not oppose the filing of additional motions so long as those motions are based upon newly-produced discovery or newly-obtained evidence and the United States is given an opportunity to respond.

///
///
///
///
///
///
///
///
///
///
///

## IV.    Conclusion

In view of the comprehensive discovery already produced and the positions of the United States set forth herein, the United States respectfully requests that the Court not issue any Order compelling discovery on any particular timetable or compelling any specific category or type of discovery from the United States at this time.  For the foregoing reasons, the United States respectfully requests that Defendant's motions be denied.


DATED: June 29, 2018                        Respectfully submitted,

                                            ADAM L. BRAVERMAN
                                            United States Attorney

                                            s/ Andrew P. Young
                                            ANDREW P. YOUNG
                                            Assistant U.S. Attorney

8

*18-cr-1404-WQH*

ADAM L. BRAVERMAN
United States Attorney
ANDREW P. YOUNG
Illinois Bar No.: 6284303
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7981
Andrew.p.young2@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 18 CR 1404-WQH-1 |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| Vincent Ramos, | |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I have served the foregoing document on the above-captioned party(ies) by:

■ electronically filing it with the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies the party(ies).

☐ causing the foregoing to be mailed by first class mail to the parties identified with the District Court Clerk on the ECF System.

☐ causing the foregoing to be mailed by first class mail to the following non-ECF participant at the last known address, at which place there is delivery service of mail from the United States Postal Service:

Executed on June 29, 2018.


_s/ Andrew P. Young_
ANDREW P. YOUNG
Assistant U.S. Attorney